**DENIED; and Opinion Filed January 21, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00040-CV

### IN RE NOEL ALONSO MEJIA, Relator

**Original Proceeding from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F93-00369-VU**

## MEMORANDUM OPINION

Before Justices Lang, Fillmore, and Brown
Opinion by Justice Lang

Relator filed his "Application for Writ of Habeas Corpus for Documents, Records and Statements of Facts" complaining that he possesses only two documents related to the appeal of his criminal case: the brief filed by his attorney in this Court and this Court's opinion, which affirmed the trial court's judgment.[1] He states he needs documents, records, the statement of facts, and transcripts to file a post-conviction petition for writ of habeas corpus challenging his incarceration. We treat relator's petition as a petition for writ of mandamus. Our mandamus jurisdiction is limited. TEX. GOV'T CODE ANN. § 22.221 (West 2010). In a criminal case, to be entitled to mandamus relief, the relator must show two things: (1) that he has no adequate remedy at law, and (2) that he seeks to compel a ministerial act by an official over whom the government code grants this Court mandamus jurisdiction. *See In re Bonilla,* 424 S.W.3d 528,

---

[1] Relator was convicted of murder and sentenced to life imprisonment. We affirmed the trial court's judgment. *Mejia v. State*, No. 05-93-00462-CR, 1994 WL 649371, at *5 (Tex. App.—Dallas Nov. 18, 1994, no pet.) (not designated for publication).

533 (Tex. Crim. App. 2014). Relator's petition does not complain that any official who is subject to this court's mandamus jurisdiction has refused to perform a ministerial act. Accordingly, we **DENY** the petition for writ of mandamus.

/Douglas S. Lang/  
DOUGLAS S. LANG  
JUSTICE

150040F.P05